UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY L. JOHNSON, | ) | |
| Petitioner, | )<br>)<br>) | |
| vs. | ) | Case No. 11-0489-CV-W-GAF-P |
| BILL BURGESS, | )<br>)<br>) | |
| Respondent. | ) | |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING
THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, Rodney Johnson, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 11, 2011, seeking to challenge his 2008 convictions and sentences for First Degree Burglary and Second Degree Domestic Assault, which were entered pursuant to a guilty plea in the Circuit Court of Jackson County, Missouri.

The petition raises the following grounds for relief: (1) that petitioner is innocent of the above convictions; (2) that plea counsel was ineffective; and (3) that petitioner's plea was involuntary because he was threatened by the prosecutor.[1] Respondent contends that ground 1 is not cognizable in a federal habeas proceeding; that ground 2 is without merit; and that ground 3 is procedurally defaulted. (See Doc. Nos. 9 & 16).

**SUMMARY OF THE FACTS**

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 motion, the Missouri Court of Appeals summarized the facts as follows:

> As a result of an incident on May 4, 2008, involving [petitioner]'s

---

[1] Petitioner attempts to provide four separate grounds for relief in the Petition. However, his grounds for relief overlap, and therefore, they are best characterized as the three grounds listed above. See Doc. No. 1, Petition.

girlfriend, [petitioner] was charged with one count of first-degree domestic assault . . . one count of second-degree domestic assault . . . and one count of burglary. [Petitioner] was arraigned on June 2, 2008. On July 11, 2008, [petitioner] appeared before the Circuit Court of Jackson County and, pursuant to a plea agreement with the State, entered a plea of guilty to one count of second-degree domestic assault and one count of burglary. In exchange for the plea, the State agreed to dismiss the first-degree assault charge, to recommend sentences of three and five years, and to recommend that those sentences be suspended and that the [petitioner] be placed on probation for three years, subject to the conditions that he was to have no contact with the victim and was to get anger management counseling. After questioning [petitioner] about the voluntariness of his plea and the rights he would be waiving, the plea court accepted [petitioner]'s plea and sentenced him consistently with the State's recommendation.

After [petitioner]'s probation was subsequently revoked for having contact with the victim, n.2 [petitioner] filed a timely motion for post-conviction relief under Rule 24.035. An amended motion was later filed by appointed counsel. In relevant part, [petitioner] claimed that counsel had been ineffective for failing to personally interview the victim in his case after she recanted her statement to the police. [Petitioner] contended that he did not believe that counsel was prepared to go to trial because counsel had not personally interviewed the victim and, as a result, he felt coerced to plead guilty. [Petitioner] asserted that, had counsel personally spoken with the victim, he would have refused to plead guilty and insisted upon proceeding to trial.

> n.2 In exchange for his stipulation to the fact that he had contact with the victim in violation of the terms of his probation, the State agreed not to file charges related to three different times [petitioner] was arrested for allegedly kidnapping the victim.

Following an evidentiary hearing on the motion, the plea court denied [petitioner]'s request for post-conviction relief. The plea court found that the record of the plea hearing established that [petitioner] pleaded guilty knowingly and voluntarily and that he understood the rights he was waiving. The court found that [petitioner]'s claim that he was pressured to plead guilty because counsel was unprepared for trial was not credible in light of the fact that no trial date had been set. The court further noted that, at the time the plea was entered, [petitioner] and plea counsel were both aware of the victim's recantation and that counsel had reviewed the victim's recantation letter and had an investigator speak with the victim. The court also noted that, when counsel had

> presented the plea offer to [petitioner], counsel informed [petitioner] that, if [petitioner] did not accept the plea and they waited six months to a year, he might be able to get the case dismissed. The trial court concluded that [petitioner] was not coerced into pleading guilty and that, by pleading guilty, [petitioner] had waived any complaints regarding counsel's failure to investigate or prepare for trial.

(Respondent's Exhibit E, pp. 2-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND ONE - CLAIM OF ACTUAL INNOCENCE

Petitioner claims multiple times in the petition that he is innocent of the crimes for which he was convicted, because his victim later recanted her statement that petitioner had abused her. The Court construes this as a claim of actual innocence. However, as respondent notes, a freestanding claim of actual innocence cannot, in itself, provide habeas relief. See Herrera v. Collins, 506 U.S. 390, 400 (1993) ("This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact."). "Federal courts are

---

[2]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-3-

not forums in which to relitigate state trials [or guilty pleas]," Barefoot v. Estelle, 463 U.S. 880, 887 (1983), and, therefore, petitioner must present an independent constitutional violation other than his innocence to be afforded habeas relief.[3]

Ground 1 is denied.

## GROUND TWO - INEFFECTIVE ASSISTANCE OF PLEA COUNSEL

In ground two, petitioner claims that plea counsel was "unprepared."[4] The Court will construe this as a claim of ineffective assistance of plea counsel, or in the alternative, as a claim that petitioner's plea was not knowing and voluntary, because petitioner did not understand from his lawyer the consequences of, or justifications for, the plea deal. The claim was presented on appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 Motion. Respondent defers to the judgment of the state court.

On appeal, the Missouri Court of Appeals disposed of the claim as follows:

> In his sole point on appeal, [petitioner] claims that the trial court clearly erred in denying his motion because the record established that he was coerced by counsel to plead guilty because counsel had failed to personally interview the victim following her recantation and counsel was, therefore, unprepared to proceed to trial. [Petitioner] further claims that the record reflects that, had counsel interviewed the victim, [petitioner] would have rejected the plea and insisted upon going to trial.
>
> Appellate review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. ***Hastings v. State***, 308 S.W.3d 792, 795-95 (Mo. App. W.D. 2010) (quoting ***Rule 24.035(k)***). "A motion court's findings and conclusions are clearly erroneous only if

---

[3]This is not to say that actual innocence is completely irrelevant to federal habeas proceedings. A claim of actual innocence may be used as a gateway to overcome the procedural default of other claims. See Schlup v. Delo, 513 U.S. 298 (1995). However, petitioner does not present his claim in this way.

[4]Petitioner presented this claim under "ground three" in his petition. See pg. 8 of the court-approved Section 2254 habeas forms. (Doc. No. 1).

-4-

the Court, after reviewing the entire record, is left with the definition and firm impression that a mistake has been made." *Gehrke v. State*, 280 S.W.3d 54, 56-57 (Mo. banc 2009).

"To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and that he was thereby prejudiced." *Jones v. State*, 211 S.W.3d 210, 213 (Mo. App. S.D. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "When a movant pleads guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness with which a plea was made." *Id.* "In the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Copas v. State*, 15 S.W.3d 49, 54 (Mo. App. W.D. 2000).

In making his argument on appeal, [petitioner] relies extensively upon his own testimony; however, the motion court did not find [petitioner]'s testimony credible. "The motion court is not required to believe the testimony of the movant or any other witness at an evidentiary hearing, even if uncontradicted, and an appellate court must defer to the motion court's determination of credibility." *Chaney v. State*, 323 S.W.3d 836, 841 (Mo. App. E.D. 2010). The motion court found uncredible [petitioner]'s testimony that he would not have accepted the guilty plea if counsel had personally spoken with the victim. That credibility determination alone would support the motion court's denial of [petitioner]'s motion.

Moreover, even were [petitioner]'s testimony deemed credible, the motion court's decision is more than sufficiently supported by the record and this court would not be able to conclude that any mistake was made. "As a general rule, complaints a defendant might have about his trial counsel's failure to investigate his case are waived by a plea of guilty." *Hill v. State*, 301 S.W.3d 78, 82 (Mo. App. S.D. 2010).

Furthermore, as noted by the plea court, [petitioner] entered his plea before a trial date was even set, so any concern [petitioner] could have had about counsel being ready for trial at that time would be completely unreasonable and unfounded. [Petitioner] testified at the plea hearing that he had had enough time to consult with plea counsel and was satisfied with counsel's services. In addition, [petitioner] acknowledged at the motion hearing that both he and counsel were well aware at the time the plea was entered of the victim's recantation

and of the statement she gave to counsel's investigator subsequent to that recantation. Nothing about counsel's handling of this matter appears to fall short of the customary level of skill and diligence that a reasonably competent attorney would perform under similar circumstances. Point denied.

(Respondent's Exhibit E, pp. 3-6).

The resolution of ground 2 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[5]

Ground 2 is denied.

## **GROUND THREE - COERCION BY PROSECUTOR**

In what could be construed as a third ground for relief, petitioner contends that the Prosecutor in his case "threatened [him]," and continued to prosecute the case even after the victim recanted her earlier statements. (Doc. No. 1, pp. 6, 9). The Court will construe this as a claim that petitioner's plea was involuntary, because petitioner was coerced by the prosecutor into pleading guilty. Petitioner explains in Doc. No. 13 that the prosecutor told his plea counsel "[petitioner] had better take this plea, because she wouldn't [lower the] punishment . . . and [petitioner] could possibly receive more time or 15 years for first degree burglary." (Pg. 1). This claim fails for two reasons.

---

[5]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

-6-

First, this ground is procedurally defaulted. In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that petitioner defaulted ground 3 by not raising it in his original Mo. Sup. Ct. 24.035 motion, and by not raising it on appeal from the denial of his 24.035 motion. Petitioner did not claim on appeal that his plea was involuntary because of pressure from the Prosecutor; rather, he only claimed ineffective assistance of plea counsel as an influence on his plea.

Because petitioner's ground was procedurally defaulted, it may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750 (1991). The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner does not attempt to show cause for his procedural default. Even though petitioner has failed to demonstrate cause (and, therefore, we do not consider prejudice) for his procedural default, the Court can still reach the merits of his claims if he can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy

a two-part test: First, he must support his allegations of constitutional error "with <u>new</u> reliable evidence . . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." <u>Id.</u> (citing <u>Schlup v. Delo</u>, 513 U.S. 298 (1995)).

Petitioner does not satisfy the actual innocence gateway. He claims under ground 1, discussed *supra*, that he is actually innocent of his crimes. His primary evidence of innocence is that the victim later recanted her statements that she had been assaulted by petitioner. However, a recantation or contradiction of an earlier statement serves primarily to undermine the credibility of a witness. The State still could have used her earlier statement, along with other evidence, to prove that the assault occurred. As such, petitioner has only shown that the State's case was not as strong as it could have been, had the victim not recanted her statements. This does not show that "no reasonable juror would have convicted [petitioner]." <u>Bowman</u>, 85 F.3d at 1346.

Petitioner has failed to show cause for the default of his third ground for relief. He also has failed to meet the <u>Schlup</u> standard for actual innocence. <u>Id.</u> Therefore, federal review of this ground is not required to prevent a fundamental miscarriage of justice. <u>Murray v. Carrier</u>, 477 U.S. at 495.

Additionally, and notwithstanding petitioner's default, ground 3 is without merit. A thorough examination of the plea hearing reveals that petitioner entered a knowing and voluntary guilty plea. Petitioner understood his rights were he to proceed to trial instead of pleading guilty. (Respondent's Exhibit A, pp. 6-7). He also conceded that he struck the victim. (Pg. 13). When asked "[h]as anyone threatened you with anything to get you to plead guilty?" he answered "No, ma'am." (Respondent's Exhibit A, Pg. 14). Ground 3 is without merit.

Ground 3 is denied, and the case will be dismissed, with prejudice.

**CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

**ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

    /s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   December 28, 2011.